E-FILED
Tuesday, 02 September, 2025  04:28:06 PM
Clerk, U.S. District Court, ILCD

# POTTER COMPENSATION AGREEMENT

This Potter Compensation Agreement (the "Potter Agreement") is entered effective as of the date executed by the Attorney, to take effect on the 1st day of September, 2021 ("Effective Date"), by and between Fish Potter Bolaños, P.C. (the "Firm"), and Robin Potter (the "Attorney and/or Shareholder"). The term "Parties" shall refer to both the Firm and Attorney and/or Shareholder.

## SECTION ONE—PURPOSE

1.      The Firm and Attorney agree that Attorney will actively refer potential clients to Firm and help Firm with case and development strategy as needed and mutually agreed to commencing on the effective date and continuing, including if, after, and whenever she decides to retire and relinquish her shares in The Firm.  This Agreement shall apply regardless of whether Attorney is a Shareholder or is Of-Counsel.

## SECTION TWO—PRACTICE

2.      Attorney has no obligation to have her appearance entered or continued on any litigation matter or to provide any active client representation unless Client elects to do so and Attorney agrees.   The Firm will take care of filing and withdrawing all appearances, as mutually agreed by Attorney, Firm and Attorney. Attorney agrees that, during the duration of this Potter Agreement, to the extent that Attorney elects to practice, Attorney will only provide legal services through the Firm and in accordance with the terms of this Potter Agreement.

## SECTION THREE—ATTORNEY'S TITLE

3.      The Firm is permitted to list Attorney's name in its name and to indicate that Attorney is an "attorney" with the Firm, as it deems fit, on letterheads, brochures, electronic and hard-copy professional listings, and other promotional materials such as its Internet site while she is a shareholder and, in the event she decides to retire or otherwise relinquish her shares in The Firm, after she is no longer a shareholder. Attorney and Firm are permitted to indicate that Attorney is an "attorney" at or with the Firm while she is a shareholder and "Of Counsel", in the event she decides to retire or otherwise relinquish her shares in The Firm, after she is no longer a shareholder.

## SECTION FOUR—NATURE OF RELATIONSHIP

4.      Attorney will be a Shareholder (until such time as she elects to relinquish ownership) and an independent contractor non-employee of the Firm but will draw no salary.

## SECTION FIVE—COORDINATION ON CASES

5.      The Firm will provide Attorney with access to the Firm's office and office services for Firm representation. This includes use of the Firm's office, computer system, server, printing facilities, conference space, telephone, research, email, Internet, facsimile and photocopying. The Firm will also provide basic secretarial and paralegal assistance consistent with what other firm attorneys receive for cases where the Firm and Attorney are working together, including

forwarding relevant case documents, email and mail; answering phone calls and communicating with Attorney regarding the same; discovery support; service of process support; court filing support; and general litigation and trial support as requested by Attorney. The firm will provide an email address for Attorney which will be used on all communications involving the Firm's work, referrals, with clients, the courts, etc.   Attorney will use a non-Firm email address for her personal and non Firm work.

## SECTION SIX—COMPENSATION

6.      Attorney shall be compensated by Firm as follows while this Agreement is in effect for cases originated after the Effective Date of this Agreement:

**A.      Work Performed By Attorney on Firm Cases:**  Attorney will not receive a salary or hourly compensation by Firm.  In the event that Attorney works on a case and Firm is successful in collecting fees from any source, including but not limited to an opposing party the government or a client,,then Attorney will be compensated as follows for worked performed after the Effective Date:

(1)      **Fee Petitions**:   For cases that resolves in settlement, final hearing, and/or trial or otherwise and/or which results in a fee petition or fee payment, the Firm will include Attorney's hours of work performed after the effective date of this Agreement at her lodestar rate ($700 per hour or such other agreed upon amount).   If Firm is filing a fee petition, Firm will include Attorney's time and costs and expenses of litigation billed in its own Fee Petition.

(2)      **Non-Fee Petition Cases:**  In the event that a case resolves without a fee petition, and Firm is successful in collecting its lodestar, from an any source, including but not limited to an opposing party, the government or a client,  then Attorney too shall receive her lodestar for the time she worked and billed on the case along with any costs or expenses of litigation.

However, in any case (i.e., whether done with or without a fee petition) where the recovery is less than Firm's total lodestar, Attorney will be compensated with her pro rata share of fees and share in the reduction or discount.   For example, assume the Firm's lodestar (inclusive of Potter's time) is $1,000,000 and Potter's time represents $500,000 of that total.  If the final fee recovery is reduced,  including by a judge or Firm elects to voluntarily reduce, )Firm's total lodestar by 20%, then Firm would receive $800,000.   Firm would then pay Potter $400,000 upon collection (*i.e*, her *pro rata share of fees based on lodestar or 50% of the total time for all attorneys' time in the case, which in this example is* a 20% reduction).   The purpose and intent of this paragraph is so that Firm and Potter will receive a *pro rata* share of the total fee (after payment of costs and expenses) based upon their respective lodestars and a proportionate reduction if there is one.

In the event that Attorney both refers a case pursuant to this Agreement, and works on it, she would receive the greater of either (a) the 20% referral fee (set forth herein) or (b) the lodestar payment identified in this paragraph.

**B.      Referrals**:  Attorney will earn 20% of the Firm's portion of professional fees whenever collected by Firm for referrals Attorney originated to Firm after the effective date through January 1, 2024.   This is subject to renegotiation if Attorney continues to remain active beyond this date.  To avoid any misunderstandings as to the source of a referral, Attorney will

2

email Firm when a referral is made to identify it as an Attorney referral for which Attorney expects a referral fee.

**C.** **NELA and TAF:** Through January 1, 2026 (assuming the agreement is not terminated earlier), Firm will pay Attorney's membership dues in NELA and TAF and ISBA (or a substitute organization if the parties think it will be more beneficial) and Attorney's out of pocket expenses necessary to attend conferences for these organizations and represent Firm.

**D.** **Potter Bolanos LLC Legacy Cases:** For legacy cases originated from Potter Bolanos LLC, Firm will distribute fees to Potter Bolanos LLC pursuant to the lodestar formula set forth in the Referral Agreement and the referral fee terms of this Agreement will not apply.

**E.** **ARDC Dues**: Firm will pay Attorney's ARDC dues through January 1, 2024 (assuming the agreement is continued) and for two years following the date of her retirement.

**F.** **Malpractice Insurance:** Firm will list Attorney on its malpractice insurance policy and, if and when Attorney retires and/or relinquishes her shares in The Firm, will update her relationship with The Firm to be Of Counsel or as a retired lawyer if these options are available.

It is agreed that Attorney is not an employee and therefore shall not be entitled to any other benefits offered to The Firm's employees such as health insurance, retirement, or otherwise.

## SECTION SEVEN—BILLING/REIMBURSEMENT FOR EXPENSES

7.      The Firm will pay for or reimburse Attorney for expenses incurred on behalf of Firm or Firm clients. Where the expense is expected to exceed $200.00, Attorney should try to provide advance notice and receive approval from the Firm for those expenses. Attorney shall submit expenses within 45 days of incurring them.

8.      Attorney will track time and billings on all matters. Attorney will submit, on a monthly basis, all of her time incurred on Firm's behalf to Firm.

## SECTION EIGHT—TERMINATION OF AGREEMENT

9.      This Potter Agreement may be terminated by either Party at any time for any reason upon thirty days' written notice to the other Party. In such event, the Firm will honor and compensate Attorney in accordance with this Agreement for work and referral fees earned prior to the termination date.  For example, if Attorney performed work on a case pre-retirement, and a fee petition was filed post-retirement, then Firm would include her billed hours in the fee petition. Likewise, if a referral covered by this Agreement was made pre-retirement, that resulted in a fee after retirement, then Firm would pay the referral fee even though Attorney was retired.

## SECTION NINE—DISPUTE RESOLUTION AND ARBITRATION

10.      In the event the Parties cannot resolve any disputes between them, they shall first engage in mediation and if that is not successful, they shall engage in arbitration pursuant to the employment rules of the American Arbitration Association before a single arbitrator in Chicago, Illinois and Firm shall pay the costs of the arbitration and the arbitrator fees.

## SECTION TEN—ENTIRE AGREEMENT

11.     This Potter Agreement, the Shareholder Agreement, and the Referral Agreement constitute the entire agreement between the Parties. Any prior understanding or representation of any kind preceding the date of these Agreements shall not be binding on either Party except to the extent incorporated in writing signed by each party or an authorized representative of each Party.

Each Party to this Addendum to The Agreement has caused it to be executed on the date indicated below.

## THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.

Attorney

*Robin Potter*

Fish Potter Bolaños, P.C.

*M. Nieves Bolanos*

_____

_____

Signature

Its President

Robin Potter

M. Nieves Bolanos

_____

_____

Printed Name

Printed Name

07/12/2021 18:34 UTC

_____

Date

4